Joseph J. Huss and Adeline O. Huss v. Commissioner.
Huss v. Commissioner
Docket No. 38521.
United States Tax Court
1953 Tax Ct. Memo LEXIS 334; 12 T.C.M. (CCH) 274; T.C.M. (RIA) 53087; March 16, 1953
*334 Expenditures for subsistence at petitioner's place of business disallowed. Joseph J. Huss, pro se. Marl B. Peek, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding was instituted to test the correctness of respondent's determination of a deficiency in the amount of $135.00 for the taxable year ended December 31, 1949. The petitioners assign as error the action of the respondent in disallowing as a deduction from gross income the sum of $1,070.79 expended by petitioner Huss for the cost of hotel accommodations and meals while at his post of duty at Baton Rouge, Louisiana, and transportation costs in going to and from his place of employment to New Orleans, Louisiana, where he maintained *335 his residence. Findings of Fact Petitioners are husband and wife and now reside at Waveland, Mississippi. Petitioners' joint income tax return was filed for the taxable year 1949 with the collector of internal revenue for the district of Louisiana. During that year the petitioners maintained their residence at New Orleans, Louisiana. The petitioner Huss received from the General Services Administration during the year 1949 a salary of $4,493.43 and an amount of $168.75 as reimbursement for expenses, or total receipts of $4,662.18. In the return a deduction was taken in the amount of $1,070.79 for expenses incurred while at petitioner Huss' post of duty at Baton Rouge, Louisiana. Beginning in July, 1948, petitioner Huss was employed as a temporary employee at New Orleans, Louisiana, by the General Services Administration with regional office at Dallas, Texas. His duties were those of a warehouseman with the task of disposing of surplus war materials. Petitioner Huss' employment at New Orleans, Louisiana, was terminated in December, 1948, and immediately thereafter he accepted a position with the General Services Administration with post of duty at Baton Rouge, Louisiana. The *336 assignment at Baton Rouge, Louisiana, was estimated to last only 30 days, and during this period, in addition to his salary, Huss was reimbursed by the General Services Administration in the amount of $103.50, pursuant to a per diem arrangement for expenses. Thereafter Huss continued in the employment of General Services Administration with headquarters at Baton Rouge, Louisiana, until June, 1950, or a total period of about a year and a half. Huss from time to time made trips out of Baton Rouge in carrying on his duties as an employee of General Services Administration and for such trips away from Baton Rouge he was paid his traveling expenses and was given the per diem allowed by law for his subsistence. While at Baton Rouge, Louisiana, petitioner Huss lived at a hotel and took his meals at various public cating places during the five-day work week. He returned to his residence at New Orleans to spend the week-ends with his family. He claimed as a deduction from gross income the amount of $1,070.79 which covered his cost for hotel accommodations and meals at Baton Rouge for the five-day work week and transportation from Baton Rouge to New Orleans, Louisiana, and return on week-ends. *337 The General Services Administration did not authorize petitioner Huss to travel to New Orleans, Louisiana, in pursuit of his employment during his tenure of service at Baton Rouge, Louisiana. Petitioners maintained their residence at New Orleans, Louisiana, during the taxable year 1949. The post of duty of petitioner Huss was Baton Rouge during such year. The claimed deduction of expenses in the amount of $1,070.79 incurred for hotel accommodations, meals, and transportation during such year constituted the personal living expenses of petitioner Huss and such expenses were not incurred while "away from home" in the pursuit of his employment. Opinion ARUNDELL, Judge: Section 23 (a) (1) (A) of the Internal Revenue Code provides for the deduction of traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business, and petitioner Huss seeks the deduction in dispute under this provision of the statute. It is now well settled law that for income tax purposes the place of employment is to be regarded as the home of the taxpayer. Commissioner v. Flowers, 326 U.S. 465, Carragan v. Commissioner, 197 Fed. (2d) 246. *338 Expenditures made by him for living accommodations and meals at his principal place of business constitute personal living expenses and may not be deducted. Section 24 (a) (1) of the Code. The transportation expenses from Baton Rouge to see his family over the week-ends clearly are not deductible as ordinary and necessary expenses incurred in carrying on his trade or business. The respondent's action in disallowing the claimed deduction was proper.